WESTLAKE, ADMX., ET AL., *v.* OHIO NORTHERN UNIVERSITY ET AL.

[Cite as Westlake v. Ohio Northern University, 21 Ohio Misc. 202.]

(No. 19858-C—Decided November 17, 1969.)

Probate Court of Union County.

*Mr. David F. Allen,* for plaintiff.
*Mr. Paul Brown,* attorney general, *Miss Janice E. Wolfe* and *Mr. Joseph W. Birkmire, Messrs. Knepper, White, Richard & Miller, Mr. William L. Clark, Messrs. Means, Bichimer & Burkholder* and *Mr. John F. Casey, Mr. Richard E. Parrott, Mr. Luther L. Liggett* and *Mr. Lloyd George Kerns,* for defendants.

ALLEN, J. The material before the court for consideration includes the petition for the construction of the will of Ina B. Keckley, Deceased, filed by Mary H. Westlake, Administratix with the will annexed, of the Estate of Ina B. Keckley, Deceased; answers, briefs, and other pleadings; the proposals of (1) Central Ohio Council, Boy Scouts of America, (2) Seal of Ohio Girl Scout Council, (3) Agricultural Extension Advisory Committee and Union County Agricultural Society, (4) Alert, Inc., (5) W-Y Community Services, Inc., and (6) Gene Amrine; the evidence in all the hearings; the written arguments; the transcript of evidence in all the hearings; and the authorities and cases contained in the trial brief prepared by the court, copies of which were furnished all the counsel of record.

The court has previously found, by the journal entry filed June 9, 1969, that the testatrix, Ina B. Keckley, Deceased, had a general, charitable intent and by reason thereof, the heirs at law have no further interest in this proceedings or claim against any of the property, real or

personal, devised to the "Keckley Rural Life Center" or under the residuary clause of said will, and that all of said property remaining to which the Keckley Rural Life Center is entitled shall be used for charitable purposes free from any claims of the heirs at law.

The court finds that the decision to be made by the court, as prayed for in the petition for the construction of the will herein, must fall within certain framework, that is to say, the court is required to find that one of the three following alternatives be carried out:

1. Order strict compliance with the will and that the charitable trust set up therein be carried out specifically in conformity to the exact provisions of the will.

2. Find that it is impossible, impracticable, inexpedient, or illegal to carry out the specific purposes of the trust, apply the cy pres doctrine to prevent the failure of the trust and provide some other method to accomplish the intent of the testatrix.

3. Find that owing to subsequent unforeseen contingencies, obedience to the provisions made by the testatrix would be very unwise and might even work a hardship, or owing to circumstances not known to the testatrix, and not anticipated by her, strict compliance with the provisions for the trust would defeat or substantially impair the accomplishment of the purposes of the trust, or that compliance with the terms of the trust is impossible, illegal, impracticable, or inexpedient and order a deviation as long as it does not change the purpose or object of the trust but deals only with the manner of administration.

It is fundamental and axiomatic that the charitable trust herein must be carried out in strict compliance with the will and in specific conformity to its exact provisions, if there is any reasonable way by which the purposes of the charitable trust can be accomplished as provided in the will of decedent.

The two other alternatives can only be considered and applied if it is impossible, impracticable, inexpedient, or illegal to strictly follow the provisions of the will.

The applicable provisions of the will to be construed herein are as follows:

"Item 11: I request that three representatives, appointed by the Agriculture Extension Advisory Council, one by the Boy Scout Organization of Union County, Ohio, one by the Girl Scout Organization of Union County, Ohio, and the Judge of the Juvenile Court of Union County, Ohio, form and create a non-profit corporation known as the Keckley Rural Life Center.

"The purpose of said organization shall be to provide and maintain facilities for recreational, educational and character-building activities, primarily for Union County rural people and their organizations on 57½ acres of real estate, located in Leesburg Township, Union County, Ohio, which I am providing in this instrument, shall upon the formation of said corporation, be conveyed to it.

"The expenses of the formation of said corporation shall be paid from my estate.

"Item 12: I give and devise my farm of 57½ acres, located in Leesburg Township, Union County, Ohio, to Samuel Westlake, or in the event he should predecease me, to Clarence J. Lowry, in trust, and upon the formation of the corporation herein above provided for, he shall convey said real estate to said corporation in fee simple. It is my intention that the Keckley Rural Life Center shall be in memory of my father and shall provide recreational facilities for the rural people of Union County, Ohio."

The above provisions should be strictly followed, if possible.

The above provisions, to establish a Keckley Rural Life Center, are plain and unambiguous and can be easily interpreted.

As outlined in the will of decedent the plan, in substance, provides for six certain designated representatives to form a corporation not for profit and to provide and maintain facilities for recreational, educational and character-building activities, primarily for Union County rural people and their organizations on 57½ acres owned by the testatrix supported by the residue of the money in her estate.

The intent of the decedent is clear that said corporation not for profit is to be created and operated for all time

by the designated representatives mentioned by testatrix, and there is nothing to indicate that the continuing operation of a Keckley Rural Life Center should be turned over to any other person, firm, corporation, or organization.

This clear intent of the testatrix must be honored, unless it is impossible, impracticable, inexpedient, or illegal.

The evidence demonstrates that said testatrix had information and knowledge about the Richland County Rural Life Center and there is sufficient evidence to support the fact that her knowledge of said Center materially influenced her in the making of the provisions for the Keckley Rural Life Center.

The evidence demonstrates that the testatrix was given a promotional leaflet describing the purposes of the Richland County Rural Life Center; and that testatrix used the exact language of the purpose clause of the constitution of said Center as the stated purpose of the Keckley Rural Life Center.

As a result, every effort is required to be exerted to establish and develop a Keckley Rural Life Center exactly like the Richland County Rural Life Center, or as nearly as is possible like the same.

Perhaps it is necessary to clarify whom the testatrix meant by reciting in her will in Item 11, "primarily for Union County rural people and their organizations."

Obviously the people and organizations to be benefitted must be within the geographical limits of Union County, Ohio, but not confined to any particular township or neighborhood.

The testatrix clearly meant this to be a county-wide project.

Who are rural people?

There was evidence that the Federal Government of the United States may, perhaps, consider all the residents of Union County, Ohio, to be rural people. It is understandable that the ivory tower of Washington would consider Union County, Ohio, way out in the hinterland of the Mid West, out in the sticks, so to speak, and that the residents of Union County are rural people.

Although Union County, Ohio, is primarily an agri-

cultural county and community, nevertheless the people of the county are divided into farm-people and town-people.

Webster's Third New International Dictionary describes the word rural as, "Living in the country; engaged in agricultural pursuits; one who lives in the country."

The phrase used by testatrix in her will "rural people and their organizations" is, in the opinion of the court, a limiting phrase and means only farm-people and does not mean town-people.

Furthermore, Ina B. Keckley lived on a farm, operated a farm, engaged primarily in agricultural pursuits, and it naturally follows that by rural people testatrix meant that same kind of people.

Therefore, it is the opinion of the court that the beneficiaries of the trust as set forth in the will of decedent must be people who live on farms, operate farms, and are engaged primarily in agricultural pursuits, with the exception of Boy Scouts and Girl Scouts.

In view of the fact testatrix specifically provided that a representative of the Boy Scout organization of Union County, Ohio, and a representative of the Girl Scout organization of Union County, Ohio, shall be included to form and create the Keckley Rural Life Center it naturally follows that the testatrix specifically intended that Boy Scouts and Girl Scouts of Union County, Ohio, would be entitled to the use and benefits of the trust and of the Keckley Rural Life Center, along with Union County rural people and their organizations.

The building of character is generally recognized as the basic and fundamental goal in the scouting program, both Boy Scouts and Girl Scouts, and it is well known that camping and nature study is extensively used as the vehicle and foundation to accomplish the purpose of character building.

The fact that testatrix included Boy Scouts and Girl Scouts as recipients of the benefits of the Keckley Rural Life Center is logical and understandable.

A careful study of the various proposals submitted for consideration discloses the fact that not a single one agrees to allow the Keckley Rural Life Center, after it is

established by the six designated representatives, to fully operate and control the project proposed by each one.

This may, in and of itself, preclude consideration of any of the proposed projects, inasmuch as it is the definite opinion of this court that it is the clear intent of said testatrix that the six representatives designated in her will were intended by her to establish, provide for and maintain the Keckley Rural Life Center. This requires the six representatives, through the Keckley Rural Life Center, to retain and maintain the full control and operation of the project.

It is the opinion of this court that the proposals by the Boy Scouts and the Girl Scouts do not set forth overall and comprehensive use and benefit sufficiently to provide primarily for Union County rural people and their organizations.

The building proposed by the Agricultural Extension Advisory Committee and the Union County Agricultural Society is, without doubt, definitely needed by the Fair Board and it was clearly and convincingly proven that it would be extensively used.

The use of such a building, however, would not primarily accommodate the intended beneficiaries of the trust set up by decedent, and especially not in the way intended by her.

Furthermore, if this trust property were to be turned over to the Agricultural Society and the Fair Board, the Keckley Rural Life Center by its six designated representatives would immediately lose all control and jurisdiction over its use and operation, which is definitely contrary to the clear intent of the testatrix.

There would be no legal way to prevent an immediate sale of the entire fairground and the intended beneficiaries of the trust of decedent could not insist on being reimbursed for their share of the sale.

This could be fatal to the rights of the beneficiaries under the trust in this will.

Although the purpose of Alert, Inc., is very meritorious, nevertheless it is geared more to accommodate towns

people and it is not demonstrated by its proposal that Alert, Inc., would be willing to operate a facility for the primary benefit of Union County rural people and their organizations to the exclusion of residents of towns in Union County, Ohio.

The facilities owned by W-Y Community Services, Inc., are located in the northeast corner of Union County, Ohio, and in view of the fact the county is long and narrow, for all practical purposes this location might not sufficiently serve all the rural people of the county.

However, there is merit in the proposition that a greater proportion of rural people live in the northern two-thirds of Union County and in the western sector. Furthermore, the rural people in the southernmost part of the county will likely decrease more rapidly than in the north as the metropolitan area of Columbus creeps forward into Union County.

Unfortunately W-Y is located on a very small tract of land in the Village of York Center, which would make its use impossible for camping and nature study by the Boy Scouts or the Girl Scouts, or for any other group or organization.

The structure of the new organization proposed by W-Y leaves a great deal of doubt whether or not it would meet the requirements of the intent of the testatrix about the organization and operation of the Keckley Rural Life Center.

The proposal by W-Y anticipates that W-Y would not become a part of the Keckley Rural Life Center but that Keckley Rural Life Center would become a part of W-Y, and under its control and jurisdiction, which is not acceptable.

The proposal by Gene Amrine for scholarships could only be considered on condition it is impossible to strictly construe the will, or order that cy pres applies, or that a deviation should be made.

Therefore, the court makes the following decision and finding.

1. It is found by the court that the provisions for a

charitable trust should be strictly complied with as set forth in the will of Ina B. Keckley, deceased, and that said charitable trust should be specifically carried out in conformity to the exact provisions of the will of said decedent.

2. The court orders Mary H. Westlake, Administratrix with the will annexed of the Estate of Ina B. Keckley, Deceased, to turn over all the trust property to the Keckley Rural Life Center as soon as it is incorporated as a corporation not for profit by the six designated representatives.

3. The court orders that three representatives appointed by the Agricultural Extension Advisory Council, a representative appointed by the Boy Scout Organization of Union County, Ohio, a representative appointed by the Girl Scout Organization of Union County, Ohio, and the Judge of the Juvenile Court of Union County, Ohio, shall immediately as incorporators file articles of incorporation of this charitable trust in the office of the Secretary of State of Ohio, together with a copy of the will and of this decree under the general nonprofit corporation laws of Ohio.

(1) The name of said corporation shall be Keckley Rural Life Center, Inc.

(2) The said corporation shall have six trustees who shall always be representatives appointed as the incorporators are appointed, and the Juvenile Judge of Union County, Ohio.

(3) The Juvenile Judge of Union County, Ohio, shall always be a trustee.

After the initial term, the remaining trustees shall hold office for the term of five years or until their successors are appointed and qualified.

The initial term of the members of the board of trustees, other than the Juvenile Judge, shall be as follows:

a. A representative of the Agricultural Extension Advisory Council for a term of five years.

b. The representative of the Girl Scout Organization of Union County, Ohio, for a term of four years.

c. A representative of the A E A C for a term of three years.

d. The representative of the Boy Scout Organization of Union County, Ohio, for a term of two years.

e. A representative of the A E A C for a term of one year.

Their respective terms to begin upon the filing of the articles of incorporation, and to end on the 5th, 4th, 3rd, 2nd, and 1st annual meeting respectively following the first meeting after incorporation.

Vacancies in the board of trustees caused by death, resignation, incapacity, nonresidence of Union County, Ohio, or expiration of term shall be filled by appointment by the organization whose representative is affected.

(4) The purpose of said corporation shall be to provide and maintain facilities for recreational, educational and character-building activities, primarily for Union County, Ohio, rural people, and their organizations on 57½ acres of real estate, located in Leesburg Township, Union County, Ohio, belonging to decedent.

However, the purpose shall be made broad enough to allow a deviation from the above purpose, if the same becomes necessary, subject to the order and consent of this court.

The purpose should also provide for all other things which may become legally necessary, including the right to rent, mortgage, buy and sell real estate.

(5) Provision shall be made in the articles of incorporation for an Executive Committee and an Executive Director.

The Executive Committee and the Executive Director may be persons other than members of the Board of Trustees.

(6) Provision shall be made for the establishment of a membership.

4. The Board of Trustees of the Keckley Rural Life Center, Inc., are ordered and directed to follow specifically the provisions of the will of Ina B. Keckley, Deceased, and provide and maintain facilities for recreational, educational and character-building activities, primarily for Union County rural people and their organizations on the 57½

acres belonging to decedent in Leesburg Township, Union County, Ohio.

The Board of Trustees of the Keckley Rural Life Center, Inc., shall establish, construct, build, provide, maintain, control, and operate such Center exactly like the Richland County Rural Life Center, or as nearly like the same as is possible.

5. If the trustees find, after thoroughly investigating and exploring the feasibility, that it is impossible to develop the Keckley Rural Life Center, Inc., on said 57½ acres, said trustees may apply to the court for authority to deviate from the provisions of the will of decedent and request authority to sell said 57½ acres and reinvest in a more suitable site on which to develop the Keckley Rural Life Center, Inc.

6. The Keckley Rural Life Center, Inc., and its Board of Trustees shall be placed under the jurisdiction of the Probate Court of Union County, Ohio (or the Common Pleas Court of Union County, Ohio, Probate Division, as the case may be), and shall always be held accountable to and under the jurisdiction of said court.

7. The trustees of the Keckley Rural Life Center, Inc., may consider combining or consolidating its assets with any other organization as long as the trustees of the Keckley Rural Life Center, Inc., has the absolute control and operation thereof, and after obtaining the authority, order, and consent of the Probate Court.

A journal entry shall be drawn in conformity to this decision and finding.

*Judgment accordingly.*